IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD HAMILTON, | No. C 09-00648 CW (PR) |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING PLAINTIFF'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL; SETTING DISCOVERY AND BRIEFING SCHEDULES |
| v. | |
| G. THOMPSON, et al., | |
| Defendants. | |

On February 13, 2009, pro se Plaintiff Bernard Lee Hamilton, a State prisoner incarcerated at San Quentin State Prison (SQSP), filed the instant civil rights action against numerous Defendants who are employed at SQSP. On March 18, 2010, the Court ordered Defendants served with Plaintiff's second amended complaint (SAC) and referred the matter to Magistrate Judge Nandor Vadas for settlement proceedings. The case did not settle.

Because of ongoing discovery, including the taking of Plaintiff's deposition by Defendants and Plaintiff's objections thereto, Defendants twice have been granted extensions of time to file a dispositive motion in this matter. Plaintiff has filed a motion for summary judgment as well as a motion to dismiss certain claims and Defendants from the SAC. He also has filed a notice that he is withdrawing his pending motions to limit his deposition and/or for a protective order and to compel answers to interrogatories.

Now before the Court is Defendants' motion for a third extension of time to file a dispositive motion and oppose Plaintiff's motion for summary judgment, or, alternatively, to deny Plaintiff's motion for summary judgment without prejudice to

Plaintiff's renewing such motion after all discovery has been completed. Additionally, Defendants have filed opposition to Plaintiff's motion to dismiss.

A.     <u>Defendants' Motion to Deny Summary Judgment</u>

Having reviewed the parties' motions and objections thereto, and good cause appearing, the Court hereby GRANTS Defendants' motion to deny Plaintiff's motion for summary judgment until all discovery has been completed. Rule 56(d) of the Federal Rules of Civil Procedure provides a procedure by which a party may avoid summary judgment when such party has not had sufficient opportunity to discover affirmative evidence necessary to oppose the motion. <u>See</u> <u>Garrett v. San Francisco</u>, 818 F. 2d 1515, 1518 (9th Cir. 1987).[1] In particular, Rule 56(d) provides that a court may deny a summary judgment motion and permit the opposing party to conduct discovery where it appears that the opposing party, in the absence of such discovery, is unable to present facts essential to opposing the motion. Fed. R. Civ. P. 56(d).

Here, Defendants have been delayed in their ability to conduct discovery necessary to their opposing Plaintiff's motion for summary judgment because of Plaintiff's ongoing objections. Although Plaintiff now has withdrawn certain of his objections, the Court will not set a schedule for Defendants to respond to Plaintiff's motion for summary judgment. Rather, under Rule 56(d), Plaintiff's motion for summary judgment is DENIED without prejudice to Plaintiff's filing a renewed motion for summary judgment once

---

[1] <u>Garrett</u> cites Rule 56(f), the subsection in which the provisions pertaining to a party's inability to present facts essential to justify its opposition formerly were set forth; as of December 1, 2010, the applicable provision is Rule 56(d). <u>See</u> Fed. R. Civ. P. 56.

2

1  discovery has been completed.  See Fed. R. Civ. P. 56(d)(1).

2  B.   Plaintiff's Motion to Dismiss Claims and Defendants

3       Plaintiff's SAC contains claims numbered 1 through 9.  Docket
4  no. 9.  On March 18, 2010 the Court found the SAC states the
5  following cognizable claims for relief:

> (1) violations of the ADA; (2) retaliation under the ADA;
> (3) violation of the First Amendment based on retaliation
> for filing appeals of disciplinary reports; (4) violation
> of the Eighth Amendment for deliberate indifference to
> his serious medical needs; and (5) breach of contract
> based on the agreement settling case number C 06-6268 CW.

Docket no. 10 at 4:14-20.

     Additionally, the Court ordered the SAC served on Defendants
G. Thomson, S. Odom, E. Berke, Robert Ayers, J. Arnold, J. Hill, D.
Padilla, C. Hammond, B. Sullivan, E. Allen, Michael Henson, N.
Grannis, N. Podolsky, C. Dole, J. Clark, T. Jackson, E. Tootell,
T.N. Falconer, D. Matteson, R. Chan, Robert Wong and A. Trujillo.
Id. at 7:2-7.

     Defendants filed an Answer to the SAC on July 23, 2010.
Docket no. 29.  Plaintiff now has filed a request to dismiss
certain allegations and Defendants from this action as follows:

> Plaintiff now seeks to reduce the number of allegations
> and the number of defendants, and to pursue only the
> allegations as follows:
>
> (a) ADA violations on the standing count issue contained
> in Claims #1 through #5; re Defendants Thomson, Odom,
> Ayers, Arnold, Hill, Padilla, Berke
>
> (b) Breach of contract issue related to "laptop"
> contained in Claims #7 and #8 re: Defendants Tootell,
> Podolsky, Sullivan, Hammond, Matteson, Clark, Falconer,
> Grannis
>
> (c) Retaliation allegations contained in Claim #8 re:
> Defendant Grannis
>
> (d) court costs regarding standing count issue re:
> Defendants Thomson, Ayers, Arnold, Hill, Padilla, and
> Berke

United States District Court
For the Northern District of California

3

>    (e) court costs regarding breach of contract issue re:
>    Defendants Podolsky, Sullivan, Hammond, Matteson, Clark,
>    Falconer, and Grannis
>
>    (f) court costs regarding retaliation issue re: Defendant
>    Grannis in Claim #8
>
> Wherefore, Plaintiff requests dismissal of as fo[l]lows:
>
>    (a) the remaining allegations, including deliberate
>    indifference to Plaintiff's serious medical needs,
>    against all defendants.
>
>    (b) the Complaint against Defendants Odom, Allen,
>    Jackson, Wong, Trujillo, and Chan.

Docket no. 55.

Defendants oppose Plaintiff's motion to dismiss on the ground that the motion is an attempt by Plaintiff to amend the pleadings without complying with Rule 15(a) of the Federal Rules of Civil Procedure. In particular, Defendants argue that Plaintiff must receive leave of court to file a third amended complaint that provides Defendants with fair notice of the claims against them. Specifically, Defendants maintain that Plaintiff has not set forth with particularity the allegations on which he wishes to proceed.

The Court finds that Plaintiff's request to dismiss certain claims and Defendants from the SAC is sufficiently clear to put Defendants on notice of the allegations and Defendants that Plaintiff will pursue against them. Accordingly, Plaintiff's request to dismiss claims and Defendants is GRANTED.

C.   Appointment of Counsel

Plaintiff moves for the appointment of counsel to represent him in this action. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. See Lassiter v. Dep't of Soc.

4

Servs., 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc).  The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See id. at 1525.

The Court finds that exceptional circumstances entitling Plaintiff to court appointed counsel do not exist at this time as neither the likelihood of Plaintiff's success on the merits nor the complexity of the legal issues involved can be assessed at this stage of the proceedings.  Accordingly, the request for appointment of counsel is DENIED.  Plaintiff may file a renewed motion for the appointment of counsel after dispositive motions have been briefed fully and the Court has a better understanding of the procedural and substantive matters at issue.

CONCLUSION

For the reasons stated above, the Court orders as follows:

1.  Defendants' motion to deny Plaintiff's motion for summary judgment is GRANTED.  Plaintiff's motion for summary judgment is DENIED without prejudice.

2.  Plaintiff's motion to dismiss claims and Defendants is GRANTED.

3.  Plaintiff's motion for appointment of counsel is DENIED.

4.  The parties shall abide by the following discovery and

briefing schedules:

    a.   No later than **September 1, 2011** the parties shall complete all discovery.

    b.   No later than **October 15, 2011** Defendants shall file their motion for summary judgment or other dispositive motion.

    c.   No later than **December 15, 2011** Plaintiff shall file, in a single brief not to exceed **30** pages, his opposition to Defendants' motion and his cross-motion for summary judgment.

    d.   No later than **January 15, 2012** Defendants shall file, in a single brief not to exceed **15** pages, their reply to the opposition and an opposition to Plaintiff's cross-motion for summary judgment.

    e.   No later than **February 1, 2012** Plaintiff shall, in a single brief not to exceed **10** pages, file his reply to Defendants' opposition to Plaintiff's cross-motion for summary judgment.

    f.   The parties' respective motions shall be deemed submitted on the date Plaintiff's reply brief is due.

5.   No extensions of time with respect to the above deadlines will be granted absent compelling circumstances.

6.   This Order terminates Docket nos. 52, 55, 57, 59 and 61.

IT IS SO ORDERED.

Dated: 6/29/2011

                        CLAUDIA WILKEN
                        UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BERNARD HAMILTON,

        Plaintiff,

v.

G. THOMSON et al,

        Defendant.

Case Number: CV09-00648 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 29, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Bernard Hamilton C-27300
San Quentin State Prison
San Quentin, CA 94964

Dated: June 29, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk