<b>United States District Court</b><br>For the Northern District of California

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4   BERNARD HAMILTON,                      No. C 06-6268 CW (PR)

5        Plaintiff,                        ORDER DENYING PLAINTIFF'S
                                           MOTION FOR RECONSIDERATION
6      v.

7   OFFICER ADAMIK, et al.,                (Docket no. 211)

8        Defendants.
    _____/
9
                                           No. C 09-0648
10  BERNARD HAMILTON,

11       Plaintiff,                        ORDER GRANTING MOTION TO
                                           REOPEN, DENYING PLAINTIFF'S
12     v.                                  MOTION FOR SUMMARY JUDGMENT,
                                           GRANTING PLAINTIFF LEAVE TO
13  G. THOMPSON, et al.,                   FILE AMENDED COMPLAINT AND
                                           SETTING BRIEFING SCHEDULE
14       Defendants.                       FOR DISPOSITIVE MOTIONS
    _____/
15                                         (Docket no. 101)

16

17

18                          BACKGROUND

19       The cases discussed in this Order have a lengthy procedural

    history, which the Court sets forth below.
20
         In 2006, Plaintiff, a state prisoner incarcerated at (SQSP),
21
    filed Hamilton v. Adamik, et al., C 06-06268 CW (PR) (Adamik),
22
    alleging prison officials at SQSP had acted with deliberate
23
    indifference to his serious medical needs and retaliated against
24
    him because of his attempts to obtain medical care.
25
         On June 11, 2008, after meeting with Magistrate Judge Nandor
26
    Vadas, the parties entered into a settlement agreement comprised
27
    of the following terms: "(1) Plaintiff shall be provided a medical
28
    chrono allowing him an extra pillow; (2) Plaintiff shall be

United States District Court
For the Northern District of California

1 allowed to possess and use his pulse oximeter as long as it is

2 medically necessary; (3) Plaintiff shall be examined by SQSP

3 doctors for determination on the appropriate treatment of

4 Plaintiff's current medical condition; (4) in exchange

5 for the foregoing, Plaintiff shall dismiss the Complaint with

6 prejudice; (5) Judge Vadas shall retain jurisdiction to monitor

7 this case until the dismissal is filed." Adamik, Docket no. 65 at

8 1-2. On July 7, 2008, the Court approved the settlement agreement

9 and dismissed the case with prejudice. Id., Docket 66.

10 Subsequently, Plaintiff moved for reconsideration of the order of

11 dismissal based on Defendants' alleged failure to comply with the

12 terms of the settlement agreement. Id., Docket nos. 69-72.

13 While the motion for reconsideration was pending, Plaintiff

14 filed Hamilton v. Thomson, et al., C 09-00648 CW (PR) (Thomson),

15 raising claims of deliberate indifference to his serious medical

16 needs, violations of the Americans with Disabilities Act, breach

17 of contract and retaliation. The parties filed cross-motions for

18 summary judgment and various other motions. Plaintiff voluntarily

19 withdrew all claims other than the breach of contract and

20 retaliation claims. Thomson, Docket no. 99.

21 On March 26, 2012, the Court granted Plaintiff's motion for

22 reconsideration in the Adamik case. The Clerk was directed to

23 reopen the case; it was referred to Magistrate Judge Vadas for

24 further proceedings to determine whether the settlement agreement

25 had been breached and/or whether further Court action was required

26 to ensure compliance with the terms of the settlement agreement.

27 Adamik, Docket no. 73.

28 On June 27, 2012, Defendants in Adamik filed their motion to

2

**United States District Court**
For the Northern District of California

1  enforce the settlement and to dismiss the case.  <u>Adamik</u>, Docket

2  no. 182.  On November 6, 2012, the Court issued its Order Adopting

3  Magistrate Judge's Report and Recommendation Re: Motion to Enforce

4  Settlement and Motion to Dismiss Litigation.  <u>Adamik</u>, Docket no.

5  210.  In particular, the Court concurred with Magistrate Judge

6  Vadas's assessment that "although there is no doubt that Plaintiff

7  entered into the 2008 settlement to end the ice dispute and obtain

8  a laptop computer, the settlement agreement does not include the

9  provision of these items as terms of the settlement."  <u>Id.</u> at

10 1:18-21.  The Court adopted the Report and Recommendation in full,

11 including Magistrate Judge Vadas's "regretful[]" conclusion that

12 the Court lacks the power to order Defendants to provide a laptop

13 and ice to Plaintiff under the terms of the Notice of Settlement.

14 <u>Id.</u> at 1:24-26.  In that same order, Plaintiff was advised by the

15 Court that if he is of the belief that he has a serious medical

16 need that requires he be provided with a laptop and ice, he is not

17 precluded from filing a new and separate lawsuit raising such

18 claims.  <u>Id.</u> at 2:2-5.

19      Plaintiff now moves for reconsideration of the Court's order

20 dismissing the <u>Adamik</u> case, and to reopen and be granted summary

21 judgment in the <u>Thomson</u> case.  Defendants have opposed Plaintiff's

22 motions and Plaintiff has filed replies.

23      For the reasons discussed below, the motion for

24 reconsideration of the order of dismissal in <u>Adamik</u> is DENIED, the

25 motion to reopen <u>Thomson</u> is GRANTED, the motion for summary

26 judgment in that case is DENIED as premature and Plaintiff is

27 GRANTED leave to file an amended complaint.

28 //

**United States District Court**
For the Northern District of California

1  I.  Motion for Reconsideration in <u>Adamik</u>

2  A motion which challenges the Court's final judgment may be

3  brought under either Rule 59(e) or Rule 60(b) of the Federal Rules

4  of Civil Procedure.  <u>See</u> <u>Fuller v. M.G. Jewelry</u>, 950 F.2d 1437,

5  1441-42 (9th Cir. 1991).  Plaintiff's motion, which was filed

6  within ten days of entry of judgment, will be treated as a motion

7  to alter or amend judgment under Rule 59(e).  <u>See</u> <u>United States v.</u>

8  <u>Nutri-Cology, Inc.</u>, 982 F.2d 394, 396-97 (9th Cir. 1992).  "A

9  motion for reconsideration under Rule 59(e) should not be granted,

10  absent highly unusual circumstances, unless the district court is

11  presented with newly discovered evidence, committed clear error,

12  or if there is an intervening change in the controlling law."

13  <u>McDowell v. Calderon</u>, 197 F.3d 1253, 1254 (9th Cir. 1999)

14  (quotation and citation omitted).

15  The Court has reviewed Plaintiff's motion and his declaration

16  and other evidence in support thereof.  Plaintiff has not

17  presented the Court with newly discovered evidence, shown that the

18  Court committed clear error, or shown that there has been an

19  intervening change in the controlling law that would change the

20  Court's ruling.  Accordingly, the motion for reconsideration under

21  Rule 59(e) is DENIED.

22  II.  Motion to Reopen and for Summary Judgment in <u>Thomson</u>

23  Following entry of the order of dismissal in <u>Adamik</u>,

24  Plaintiff moved for summary judgment in <u>Thomson</u> on his breach of

25  contract and retaliation claims.  Defendants object to the motion

26  on the ground that the case is closed and the issues raised

27  therein already have been adjudicated.  Plaintiff has responded by

28  moving to reopen the case, arguing that his breach of contract and

4

**United States District Court**
For the Northern District of California

1  retaliation claims are different than the claims addressed in

2  <u>Adamik</u>.  Specifically, Plaintiff maintains that <u>Adamik</u> addressed

3  solely the terms of the settlement agreement and resulted in a

4  finding that the settlement agreement did not encompass

5  Plaintiff's demands for ice and a laptop.  By contrast, Plaintiff

6  argues, his claims in <u>Thomson</u> concern Dr. E. Tootell's alleged

7  unwarranted revocation of the medical chrono she previously

8  authorized ordering that he receive ice and a laptop, and the

9  alleged retaliatory denial of his medical grievance concerning

10 that matter by N. Grannis at the Director's level of review.

11      The Court finds Plaintiff's argument sufficiently persuasive

12 to warrant reopening the <u>Thomson</u> case to allow him to reassert his

13 claims against Dr. Tootell and N. Grannis.  Plaintiff, however,

14 must file and serve on Defendants' counsel an amended complaint

15 that sets forth only the claims against Defendants Tootell and

16 Grannis.

17      Based on the above, the Court rules as follows: Plaintiff's

18 motion to reopen the <u>Thomson</u> case is GRANTED, his motion for

19 summary judgment is DENIED as premature and he is GRANTED leave to

20 file an amended complaint that sets forth the claims he seeks to

21 pursue against Dr. Tootell and N. Grannis in this case.  Any

22 medical care claims that Plaintiff might seek to pursue concerning

23 events that occurred after the date the <u>Thomson</u> case was filed

24 must be brought in a new and separate action.

25                          CONCLUSION

26      For the foregoing reasons, the Court orders as follows:

27      1.   Plaintiff's motion for reconsideration in <u>Hamilton v.</u>

28 <u>Adamik, et al.,</u> C 06-6268 CW (PR) is DENIED.  Docket no. 211.

United States District Court

For the Northern District of California

1    2.    Plaintiff's motion to reopen Hamilton v. Thomson, et

2  al., C 09-0648 CW (PR) is GRANTED.  The Clerk of the Court is

3  directed to REOPEN this case.

4    3.    Plaintiff's motion for summary judgment in C 09-0648 is

5  DENIED as premature.  Docket no. 101.

6    4.    Plaintiff is GRANTED leave to file an amended complaint

7  in C 09-0648.  Plaintiff shall file the amended complaint and

8  serve a copy thereof on counsel for Defendants in that case no

9  later than thirty days from the date of this Order.  His failure

10 to do so will result in the dismissal of the action without

11 prejudice.

12   5.    Defendants shall answer the complaint in accordance with

13 the Federal Rules of Civil Procedure.  The following briefing

14 schedule shall govern dispositive motions in this action:

15        a.    No later than thirty days from the date their

16 answer is due, Defendants shall file a motion for summary judgment

17 or other dispositive motion.  If Defendants file a motion for

18 summary judgment, it shall be supported by adequate factual

19 documentation and shall conform in all respects to Federal Rule of

20 Civil Procedure 56.  If Defendants are of the opinion that this

21 case cannot be resolved by summary judgment, they shall so inform

22 the Court prior to the date the summary judgment motion is due.

23 All papers filed with the Court shall be promptly served on

24 Plaintiff.

25        At the time of filing the motion for summary judgment or

26 other dispositive motion, Defendants shall comply with the Ninth

27 Circuit's decisions in Woods v. Carey, 684 F.3d 934 (9th Cir.

28 2012), and Stratton v. Buck, 697 F.3d 1004 (9th Cir. 2012), and

**United States District Court**
For the Northern District of California

1   provide Plaintiff with notice of what is required of him to oppose

2   a summary judgment motion or a motion to dismiss for failure to

3   exhaust administrative remedies.

4           b.    Plaintiff's opposition to the motion for summary

5   judgment or other dispositive motion shall be filed with the Court

6   and served on Defendants no later than <u>twenty-eight</u> days after the

7   date on which Defendants' motion is filed.

8        Before filing his opposition, Plaintiff is advised to read

9   the notice that will be provided to him by Defendants when the

10  motion is filed, and Rule 56 of the Federal Rules of Civil

11  Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (party

12  opposing summary judgment must come forward with evidence showing

13  triable issues of material fact on every essential element of his

14  claim).  Plaintiff is cautioned that because he bears the burden

15  of proving his allegations in this case, he must be prepared to

16  produce evidence in support of those allegations when he files his

17  opposition to Defendants' summary judgment motion.  Such evidence

18  may include sworn declarations from himself and other witnesses to

19  the incident, and copies of documents authenticated by sworn

20  declaration.  Plaintiff will not be able to avoid summary judgment

21  simply by repeating the allegations of his complaint.

22          c.    Defendants <u>shall</u> file a reply brief no later than

23  <u>fourteen</u> days after the date Plaintiff's opposition is filed.

24          d.    The motion shall be deemed submitted as of the date

25  the reply brief is due.  No hearing will be held on the motion

26  unless the Court so orders at a later date.

27       6.    Discovery may be taken in this action in accordance with

28  the Federal Rules of Civil Procedure.  Leave of the Court pursuant

    to Rule 30(a)(2) is hereby granted to Defendants to depose

**United States District Court**
For the Northern District of California

1  Plaintiff and any other necessary witnesses confined in prison.

2       7.   All communications by Plaintiff with the Court must be

3  served on Defendants' counsel, by mailing a true copy of the

4  document to Defendants' counsel.

5       8.   It is Plaintiff's responsibility to prosecute this case.

6  He must keep the Court informed of any change of address and must

7  comply with the Court's orders in a timely fashion.

8       9.   Extensions of time are not favored, though reasonable

9  extensions will be granted.  Any motion for an extension of time

10  must be filed no later than <u>fourteen</u> days prior to the deadline

11  sought to be extended.

12       This Order terminates Docket no. 211 in C 06-6268 and Docket

13  no. 101 in C 09-0648

14       IT IS SO ORDERED.

Dated:  6/4/2013                           CLAUDIA WILKEN

15                                     United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28