United States District Court<br>For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD HAMILTON, | No. C 06-6268 CW (PR) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | |
| OFFICER ADAMIK, et al., | (Docket no. 211) |
| Defendants. | |
| _____/ | |
| BERNARD HAMILTON, | No. C 09-0648 |
| Plaintiff, | ORDER GRANTING MOTION TO REOPEN, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT AND SETTING BRIEFING SCHEDULE FOR DISPOSITIVE MOTIONS |
| v. | |
| G. THOMPSON, et al., | |
| Defendants. | |
| _____/ | (Docket no. 101) |

BACKGROUND

The cases discussed in this Order have a lengthy procedural history, which the Court sets forth below.

In 2006, Plaintiff, a state prisoner incarcerated at (SQSP), filed Hamilton v. Adamik, et al., C 06-06268 CW (PR) (Adamik), alleging prison officials at SQSP had acted with deliberate indifference to his serious medical needs and retaliated against him because of his attempts to obtain medical care.

On June 11, 2008, after meeting with Magistrate Judge Nandor Vadas, the parties entered into a settlement agreement comprised of the following terms: "(1) Plaintiff shall be provided a medical chrono allowing him an extra pillow; (2) Plaintiff shall be

allowed to possess and use his pulse oximeter as long as it is medically necessary; (3) Plaintiff shall be examined by SQSP doctors for determination on the appropriate treatment of Plaintiff's current medical condition; (4) in exchange for the foregoing, Plaintiff shall dismiss the Complaint with prejudice; (5) Judge Vadas shall retain jurisdiction to monitor this case until the dismissal is filed." Adamik, Docket no. 65 at 1-2.  On July 7, 2008, the Court approved the settlement agreement and dismissed the case with prejudice.  Id., Docket 66.  Subsequently, Plaintiff moved for reconsideration of the order of dismissal based on Defendants' alleged failure to comply with the terms of the settlement agreement.  Id., Docket nos. 69-72.

While the motion for reconsideration was pending, Plaintiff filed Hamilton v. Thomson, et al., C 09-00648 CW (PR) (Thomson), raising claims of deliberate indifference to his serious medical needs, violations of the Americans with Disabilities Act, breach of contract and retaliation.  The parties filed cross-motions for summary judgment and various other motions.  Plaintiff voluntarily withdrew all claims other than the breach of contract and retaliation claims.  Thomson, Docket no. 99.

On March 26, 2012, the Court granted Plaintiff's motion for reconsideration in the Adamik case.  The Clerk was directed to reopen the case; it was referred to Magistrate Judge Vadas for further proceedings to determine whether the settlement agreement had been breached and/or whether further Court action was required to ensure compliance with the terms of the settlement agreement.  Adamik, Docket no. 73.

On June 27, 2012, Defendants in Adamik filed their motion to

2

enforce the settlement and to dismiss the case. Adamik, Docket no. 182. On November 6, 2012, the Court issued its Order Adopting Magistrate Judge's Report and Recommendation Re: Motion to Enforce Settlement and Motion to Dismiss Litigation. Adamik, Docket no. 210. In particular, the Court concurred with Magistrate Judge Vadas's assessment that "although there is no doubt that Plaintiff entered into the 2008 settlement to end the ice dispute and obtain a laptop computer, the settlement agreement does not include the provision of these items as terms of the settlement." Id. at 1:18-21. The Court adopted the Report and Recommendation in full, including Magistrate Judge Vadas's "regretful[]" conclusion that the Court lacks the power to order Defendants to provide a laptop and ice to Plaintiff under the terms of the Notice of Settlement. Id. at 1:24-26. In that same order, Plaintiff was advised by the Court that if he is of the belief that he has a serious medical need that requires he be provided with a laptop and ice, he is not precluded from filing a new and separate lawsuit raising such claims. Id. at 2:2-5.

Plaintiff now moves for reconsideration of the Court's order dismissing the Adamik case, and to reopen and be granted summary judgment in the Thomson case. Defendants have opposed Plaintiff's motions and Plaintiff has filed replies.

For the reasons discussed below, the motion for reconsideration of the order of dismissal in Adamik is DENIED, the motion to reopen Thomson is GRANTED, the motion for summary judgment in that case is DENIED as premature and Plaintiff is GRANTED leave to file an amended complaint.

//

I. Motion for Reconsideration in Adamik

A motion which challenges the Court's final judgment may be brought under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. See Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441-42 (9th Cir. 1991). Plaintiff's motion, which was filed within ten days of entry of judgment, will be treated as a motion to alter or amend judgment under Rule 59(e). See United States v. Nutri-Cology, Inc., 982 F.2d 394, 396-97 (9th Cir. 1992). "A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." McDowell v. Calderon, 197 F.3d 1253, 1254 (9th Cir. 1999) (quotation and citation omitted).

The Court has reviewed Plaintiff's motion and his declaration and other evidence in support thereof. Plaintiff has not presented the Court with newly discovered evidence, shown that the Court committed clear error, or shown that there has been an intervening change in the controlling law that would change the Court's ruling. Accordingly, the motion for reconsideration under Rule 59(e) is DENIED.

II. Motion to Reopen and for Summary Judgment in Thomson

Following entry of the order of dismissal in Adamik, Plaintiff moved for summary judgment in Thomson on his breach of contract and retaliation claims. Defendants object to the motion on the ground that the case is closed and the issues raised therein already have been adjudicated. Plaintiff has responded by moving to reopen the case, arguing that his breach of contract and

4

retaliation claims are different than the claims addressed in Adamik.  Specifically, Plaintiff maintains that Adamik addressed solely the terms of the settlement agreement and resulted in a finding that the settlement agreement did not encompass Plaintiff's demands for ice and a laptop.  By contrast, Plaintiff argues, his claims in Thomson concern Dr. E. Tootell's alleged unwarranted revocation of the medical chrono she previously authorized ordering that he receive ice and a laptop, and the alleged retaliatory denial of his medical grievance concerning that matter by N. Grannis at the Director's level of review.

The Court finds Plaintiff's argument sufficiently persuasive to warrant reopening the Thomson case to allow him to reassert his claims against Dr. Tootell and N. Grannis.  Plaintiff, however, must file and serve on Defendants' counsel an amended complaint that sets forth only the claims against Defendants Tootell and Grannis.

Based on the above, the Court rules as follows: Plaintiff's motion to reopen the Thomson case is GRANTED, his motion for summary judgment is DENIED as premature and he is GRANTED leave to file an amended complaint that sets forth the claims he seeks to pursue against Dr. Tootell and N. Grannis in this case.  Any medical care claims that Plaintiff might seek to pursue concerning events that occurred after the date the Thomson case was filed must be brought in a new and separate action.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   Plaintiff's motion for reconsideration in Hamilton v. Adamik, et al., C 06-6268 CW (PR) is DENIED.  Docket no. 211.

5

2.   Plaintiff's motion to reopen <u>Hamilton v. Thomson, et al.</u>, C 09-0648 CW (PR) is GRANTED.  The Clerk of the Court is directed to REOPEN this case.

3.   Plaintiff's motion for summary judgment in C 09-0648 is DENIED as premature.  Docket no. 101.

4.   Plaintiff is GRANTED leave to file an amended complaint in C 09-0648.  Plaintiff shall file the amended complaint and serve a copy thereof on counsel for Defendants in that case no later than <u>thirty</u> days from the date of this Order.  His failure to do so will result in the dismissal of the action without prejudice.

5.   Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

   a.   No later than <u>thirty</u> days from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  If Defendants file a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

   At the time of filing the motion for summary judgment or other dispositive motion, Defendants shall comply with the Ninth Circuit's decisions in <u>Woods v. Carey</u>, 684 F.3d 934 (9th Cir. 2012), and <u>Stratton v. Buck</u>, 697 F.3d 1004 (9th Cir. 2012), and

6

provide Plaintiff with notice of what is required of him to oppose a summary judgment motion or a motion to dismiss for failure to exhaust administrative remedies.

      b.   Plaintiff's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendants no later than <u>twenty-eight</u> days after the date on which Defendants' motion is filed.

Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

      c.   Defendants <u>shall</u> file a reply brief no later than <u>fourteen</u> days after the date Plaintiff's opposition is filed.

      d.   The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6.   Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose

7

Plaintiff and any other necessary witnesses confined in prison.

7. All communications by Plaintiff with the Court must be served on Defendants' counsel, by mailing a true copy of the document to Defendants' counsel.

8. It is Plaintiff's responsibility to prosecute this case. He must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

9. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>fourteen</u> days prior to the deadline sought to be extended.

This Order terminates Docket no. 211 in C 06-6268 and Docket no. 101 in C 09-0648

IT IS SO ORDERED.

Dated: 6/4/2013

CLAUDIA WILKEN
United States District Judge

8