IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BERNARD HAMILTON,

    Plaintiff,

 v.

G. THOMSON, et al.,

    Defendants.
                              /

No. C 09-0648 CW (PR)

ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT

(Docket no. 122)

    Plaintiff, a state prisoner incarcerated at San Quentin State Prison, filed this civil rights action alleging that Defendants violated his constitutional rights in conjunction with the denial of a laptop computer to monitor his oxygen intake. Defendants filed a motion for summary judgment. On February 7, 2014, this Court issued an Order Granting Defendants' Motion for Summary Judgment and entered judgment in favor of Defendants. Doc. nos. 119, 120. On February 26, 2014, Plaintiff filed a motion to reconsider or vacate that Order. The Court construes this as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). For the reasons discussed below, Plaintiff's motion is denied.

    A motion under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted)

(en banc). A district court does not commit clear error warranting reconsideration when the question before it is a debatable one. Id. at 1256. A motion under Rule 59(e) is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented or to present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991). These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Id.

In his motion, Plaintiff argues that the Court erred in ruling that his contract claim was barred by collateral estoppel because, in the Court's previous order reopening this case, doc. no. 122, it had rejected the collateral estoppel argument and accepted Plaintiff's representation that his claims in this case were different from the claims in his previous case.

Plaintiff asserted this same argument in his opposition to Defendants' motion for summary judgment, and the Court addressed it as follows:

> Plaintiff's only argument against collateral estoppel is that the Court rejected this argument when it granted his motion to reopen this case because the Court stated that it relied on Plaintiff's argument that his claims in this case were different from the claims addressed in Adamik. But, at that time, the issue of collateral estoppel was not before the Court. Therefore, the Court's ruling in the Order granting Plaintiff's motion to reopen this case did not foreclose the determination of whether the contract claim is barred by res judicata or collateral estoppel.

Doc. no. 119 at 15.

Thus, Plaintiff is merely "rehashing" an argument he presented previously. As stated above, a motion to alter or amend the judgment is not the proper vehicle for relitigating previous

2

arguments.  Furthermore, Plaintiff neither alleges the discovery of new evidence nor an intervening change in the controlling law.

Accordingly, Plaintiff's motion to alter or amend the judgment is denied.  This Order terminates docket number 122.

IT IS SO ORDERED.

Dated: 3/10/2014

CLAUDIA WILKEN
United States District Judge